IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| PURE FISHING, INC., an Iowa Corporation, | ) ) ) | CA: **3:10-2140-CMC** |
| Plaintiff, | ) ) | |
| v. | ) ) | **CONSENT AMENDED** |
| NORMARK CORPORATION, a Minnesota Corporation, d/b/a RAPALA, | ) ) ) | **SCHEDULING ORDER** |
| Defendants. | ) | |

Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, the following schedule is established for this case.

1. Not later than **May 27, 2011**, any motions to join other parties or amend the pleadings (Fed. R. Civ. P. 16(b)(1)) shall be filed.

2(a). Not later than **April 15, 2011**, plaintiff shall serve on all parties a Disclosure of Asserted Claims and Infringement Contentions, as set forth in Northern District of California Patent Local Rule ("N.D. Cal. Patent L.R.") 3-1, and make the accompanying document production as set forth N.D. Cal. Patent L.R. 3-2.

2(b). Not later than **May 27, 2011,** each defendant will serve on all parties Invalidity Contentions, as set forth in N.D. Cal. Patent L.R. 3-3, and make the accompanying document production as set forth in N.D. Cal. Patent L.R. 3-4.

2(c). Not later than **June 10, 2011**, the parties shall exchange proposed claim terms, phrases, and clauses which each party contends should be construed by the Court, including identification of any Asserted Claim element which a party contends should be governed by 15 U.S.C. § 112(6).

2(d). Not later than **July 1, 2011,** the parties shall exchange their proposed claim constructions, supporting extrinsic evidence, witness lists, and summaries of testimony (including identification of qualifications and written reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) with respect to experts, if any) to be offered at the Claim Construction Hearing.

2(e). Not later than **July 15, 2011**, the parties shall meet and confer in an effort to agree on constructions and/or to reduce the number of terms to be construed.

2(f).   Not later than **July 22, 2011**, the parties shall complete and file a Joint Claim Construction and Prehearing Statement, which shall contain the following information: (i) the parties' proposed construction of those claim terms, phrases, and clauses on which the parties agree; (ii) each party's proposed construction of each disputed claim term, phrase, or clause, together with a description of all evidence (both intrinsic and extrinsic evidence) supporting the proposed construction; (iii) the anticipated length of time necessary for the Claim Construction Hearing; and (iv) the identity of each witness whose testimony will be offered (live or otherwise) at the Claim Construction Hearing; and a summary of each witness' testimony including for any expert, each opinion to be offered related to claim construction.  If testimony will be offered by either party at the Claim Construction Hearing, then the non-offering party may depose the identified witnesses in advance of the Claim Construction Hearing, which deposition shall be limited to the witness' testimony and opinions regarding claim construction and the basis and preparation thereof, and the taking of such depositions shall not impair or prejudice the deposing party's right or ability to depose that same witness during the course discovery.

2(g).   Not later than **August 5, 2011**, the parties shall file their opening *Markman* briefs, and any supporting materials, including expert declarations.

2(h).   Not later than **September 5, 2011**, the parties shall file their responsive *Markman* briefs, and any supporting materials, including expert declarations.

3.      Provided that the above deadlines are met, a Claim Construction Hearing will be held on or after **September 19, 2011**.

4(a).   No more than **thirty (30) days** following entry of the Court's ruling after the Claim Construction Hearing, plaintiff may amend and finalize its identification of Asserted Claims made in compliance with paragraph 2(a) above.

4(b).   No later than **forty-five (45) day**s following entry of the Claim Construction Ruling by the Court, each defendant may amend and shall finalize its invalidity contentions made in compliance with paragraph 2(b) above.

5.      Not more than **sixty (60) days** following entry of the Court's ruling after the Claim Construction hearing, each party shall file and serve a document identifying by full name, address, and telephone number each person that party expects to call as an expert at trial with respect to any issue for which that party bears the burden of proof, and certifying that a written report prepared and signed by those proposed experts, including all information required by Fed. R. Civ. P. 26(a)(2)(B), has been disclosed to all other parties.

6.      Not more than **thirty (30) days** following service of initial expert reports made in compliance with paragraph 5 above, each party shall file and serve a document identifying by full name, address, and telephone number of each person that party expects to call as a rebuttal expert at trial, and certifying that a written report prepared and signed by the expert including all information required by Fed. R. Civ. P. 26(a)(2)(B) has been disclosed to all other parties.

7. Fact discovery shall be completed no later than **February 10, 2012**. All discovery requests shall be served in time for the responses thereto to be served by this date. **No motions relating to discovery shall be filed until counsel have consulted and attempted to resolve the matter as required by Local Civil Rule 7.02, and have had a telephone conference with Judge Currie in an attempt to resolve the matter informally.**

8. Expert discovery shall be completed no later than **March 2, 2012**. All discovery requests shall be served in time for the responses thereto to be served by this date. **No motions relating to discovery shall be filed until counsel have consulted and attempted to resolve the matter as required by Local Civil Rule 7.02, and have had a telephone conference with Judge Currie in an attempt to resolve the matter informally.**

9. All other motions, except those to complete discovery, those non-waivable motions made pursuant to Fed. R. Civ. P. 12, and those relating to the admissibility of evidence at trial, shall be filed on or before **March 30, 2012**. Fed. R. Civ. P. 16(b)(2).

10(a). Mediation pursuant to Local Civil Rules 16.03 - 16.11 shall be completed in this case on or before **May 4, 2012**, so as to allow for the prior briefing of any dispositive motions that may be filed. *See* Standing Order to Conduct Mediation 4:00-mc-5001, which sets forth mediation requirements and is found on the court's website under Judge Currie's forms (http://www.scd.uscourts.gov).

10(b). No later than **April 27, 2012**, counsel for each party shall file and serve a statement certifying that counsel has: (1) provided its client with a copy of the Mediation Order; (2) discussed the availability of mediation with its client; and (3) discussed the advisability and timing of mediation with opposing counsel.

11(a). No later than **June 1, 2012**, the parties shall file and exchange Fed. R. Civ. P. 26(a)(3) pretrial disclosures.

11(b). No later than **June 15, 2012**, each party shall file and exchange any Fed. R. Civ. P. 26(a)(3) objections, any objections to use of a deposition designated by another party and any deposition counter-designations under Fed. R. Civ. P. 32(a)(4). *See* Local Civil Rule 30.03(J) (including additional requirements for video depositions).

12. Motions in limine must be filed at no later than **July 13, 2012**.

13. Parties shall furnish the Court pretrial briefs seven (7) days prior to the date set for jury selection (Local Civil Rule 26.05).[1] Attorneys shall meet at least seven (7) days prior to the date set for submission of pretrial briefs for the purpose of exchanging and marking all exhibits. *See* Local Civil Rule 26.07.

---

[1] Judge Currie requires that pretrial briefs be filed with the Clerk of Court as part of the public record and served on opposing parties.

14. Provided that the above deadlines are met, this case will be subject to a call for jury selection and/or trial on or after **August 6, 2012**.

**The parties' attention is specifically directed to Local Rule 5.03 regarding the filing of confidential material.**

                                      s/Cameron McGowan Currie  
                                      CAMERON McGOWAN CURRIE  
                                      UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
January 27, 2011

3:10-cv-02140-CMC     Date Filed 01/27/11    Entry Number 33     Page 4 of 4