IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| PURE FISHING, INC., an Iowa Corporation, ) | Case No.: 3:10-cv-02140-CMC |
| Plaintiff, ) | |
| v. ) | JURY TRIAL DEMANDED |
| NORMARK CORPORATION, a Minnesota Corporation, d/b/a RAPALA, ) ) | |
| Defendant. ) | |

## PURE FISHING'S FIRST AMENDED COMPLAINT

Plaintiff, Pure Fishing, Inc. ("Pure Fishing"), a corporation organized under the laws of Iowa, hereby complains of Normark Corporation ("Normark"), a corporation organized under the laws of Minnesota, d/b/a Rapala, as follows:

### THE PARTIES

1. Pure Fishing is an Iowa corporation doing business in South Carolina at 7 Science Court, Columbia, South Carolina 29203.

2. Upon information and belief, Normark is a Minnesota corporation with its principal place of business at 10395 Yellow Circle Drive, Minnetonka, Minnesota 55343.

### JURISDICTION AND VENUE

3. This is an action for patent infringement under the United States Patent Laws, 35 U.S.C. § 271, et. seq.

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

5. Normark conducts business in this District and has committed acts of patent infringement in this District by making, using, selling, offering to sell, and/or importing fishing lines made according to an infringing process, and by making, using, selling, offering to sell, and/or importing infringing fishing lures.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTS

### The '214 Patent

7. Pure Fishing is the owner of all right, title, and interest in and to United States Patent No. 5,749,214 ("the '214 patent") titled "Braided or Twisted Line," which issued on May 12, 1998 (Exhibit A). The claims of the '214 patent are directed to processes for making braided or twisted fishing lines.

8. Normark makes, sells, offers to sell, and/or imports fishing lines under the "Sufix" brand. These Sufix brand fishing lines compete with fishing lines sold by Pure Fishing.

9. The processes used to make Sufix brand fishing lines infringe at least one claim of the '214 patent.

### The '525 Patent

10. Pure Fishing is the owner of all right, title and interest in and to United States Patent No. 6,174,525 ("the '525 patent") titled "Recreational Fishing Lure," which issued on January 16, 2001 (Exhibit B). The claims of the '525 patent are directed to a biodegradable fishing lure.

11. Normark makes, sells, offers to sell, and/or imports fishing lures under the "Trigger X" brand, and these Trigger X brand fishing lures compete with lures sold by Pure Fishing. Normark was aware of the '525 patent at least by July 2006 and may have learned of it

even earlier. In spite of being aware of the '525 patent, Normark continued to make, sell and/or offer to sell lures that infringe the '525 patent.

12. These Trigger X brand lures infringe at least one claim of the '525 patent.

## FIRST CAUSE OF ACTION
### (Direct Infringement of the '214 Patent)

13. Normark has been, and currently is, infringing at least one claim of the '214 patent by making, selling, offering to sell, and/or importing Sufix brand fishing lines.

14. Normark's infringement of the '214 patent will continue unless enjoined by this Court.

15. As a direct and proximate consequence of Normark's infringement of the '214 patent, Pure Fishing has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which Pure Fishing is entitled to relief.

## SECOND CAUSE OF ACTION
### (Direct Infringement of the '525 Patent)

16. Normark has been, and currently is, infringing at least one claim of the '525 patent by making, selling, offering to sell, and/or importing Trigger X brand fishing lures.

17. Normark's infringement of the '525 patent will continue unless enjoined by this Court.

18. Normark is and has been on actual notice of its infringement of the '525 patent since July 2006 or earlier, and its infringement of the '525 patent is and has been willful.

19. As a direct and proximate consequence of Normark's infringement of the '525 patent, Pure Fishing has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which Pure Fishing is entitled to relief.

**PRAYER FOR RELIEF**

Wherefore, Pure Fishing requests entry of judgment in its favor and against Normark as follows:

A.     Entry of judgment that Normark has infringed and is infringing the '214 patent;

B.     Entry of a permanent injunction restraining and enjoining Normark and its respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from any further sales and/or importation of products made by the infringing processes and any other infringement of the '214 patent, whether direct or indirect;

C.     Damages adequate to compensate Pure Fishing for Normark's infringement of the '214 patent;

D.     Enhanced damages for Normark's infringement of the '214 patent, pursuant to 35 U.S.C. § 284;

E.     An award of pre-judgment and post-judgment interest and costs to Pure Fishing in accordance with 35 U.S.C. § 284 for Normark's infringement of the '214 patent;

F.     An award of Pure Fishing's reasonable attorney's fees pursuant to 35 U.S.C. § 285 for Normark's infringement of the '214 patent;

G.     Entry of judgment that Normark has infringed and is infringing the '525 patent and that such infringement was willful;

H.     Entry of a permanent injunction restraining and enjoining Normark and its respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise,

- 5 -

from any further sales of infringing products and any other infringement of the '525 patent, whether direct or indirect;

      I.      Damages adequate to compensate Pure Fishing for Normark's infringement of the '525 patent;

      J.      Enhanced damages for Normark's infringement of the '525 patent pursuant to 35 U.S.C. § 284;

      K.      An award of pre-judgment and post-judgment interest and costs to Pure Fishing for Normark's infringement of the '525 patent in accordance with 35 U.S.C. § 284;

      L.      An award of Pure Fishing's reasonable attorney's fees pursuant to 35 U.S.C. § 285 for Normark's infringement of the '525 patent; and

      M.      A grant to Pure Fishing of such other and further relief as the Court may deem just, proper, and equitable under the circumstances.

**JURY TRIAL DEMAND**

Pure Fishing demands a jury trial.

>Respectfully submitted,
>
>**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
>
>By:   /s/ Douglas J. Rosinski
>James H. Fowles, III (Fed. ID No. 6492)
>Douglas J. Rosinski (Fed. ID No. 6995)
>Christopher J. Near (Fed. ID No. 9223)
>1320 Main Street, Suite 600
>Columbia, SC  29201
>Telephone:  (803) 252-1300
>Facsimile:  (803)254-6517
>james.fowles@ogletreedeakins.com
>douglas.rosinski@ogletreedeakins.com
>christopher.near@ogletreedeakins.com
>
>**STEPTOE & JOHNSON LLP**
>Thomas G. Pasternak
>(admitted *pro hac vice*)
>115 South La Salle Street, Suite 3100
>Chicago, IL  60603
>Telephone:  (312) 577-1265
>Facsimile:  (312) 577-1370
>tpasternak@steptoe.com
>
>Paul D. Lall
>(admitted *pro hac vice*)
>1330 Connecticut Avenue, NW
>Washington, DC  20036-1395
>Telephone:  (202) 429-6741
>
>***Attorneys for Plaintiff Pure Fishing, Inc.***