**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| PURE FISHING, INC., an Iowa Corporation, ) | C.A. No. 3:10-2140-CMC |
| ) | |
| Plaintiff, ) | |
| ) | OPINION AND ORDER |
| v. ) | |
| ) | |
| NORMARK CORPORATION, a Minnesota ) | |
| Corporation, d/b/a RAPALA, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on motion of Plaintiff, Pure Fishing, Inc. ("PFI") to amend the complaint. Dkt. No. 155 (filed June 8, 2012). The motion was granted in most respects by Docket Text Orders entered July 12, 2012. *See* Dkt. Nos. 182, 183 (amending Dkt. No. 182). The only remaining issue is whether PFI should be allowed to amend to add a claim for infringement under the doctrine of equivalents. Defendant Normark Corporation ("Normark") opposes this aspect of PFI's motion. For the reasons set forth below, the court denies the motion to amend to the extent it seeks to add a claim under the doctrine of equivalents.

**STANDARD**

Rule 15 of the Federal Rules of Civil Procedure provides that, with certain exceptions not applicable here, a party should be allowed to "amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave should, however, "be freely given when justice so requires." *Id.* Applying this rule, the United States Supreme Court has held:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

> deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis,* 371 U.S. 178, 182 (1962). *See also Ward Elecs. v. First Commercial Bank,* 819 F.2d 496, 497 (4th Cir. 1987) (holding that "a change in the theory of recovery and one prior amendment of the complaint [were] not sufficient to justify denial of leave to amend under the principles of *Foman*" absent some resulting prejudice to the opposing party); *Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 613 (4th Cir. 1980).

Although Rule 15(a) provides that leave to amend "shall be freely given when justice so requires," Rule 16(b) mandates that a court's scheduling order "may be modified only for good cause and with the judge's consent." The Fourth Circuit has explained the interplay of these two rules as follows:

> Given their heavy case loads, district courts require the effective case management tools provided by Rule 16. Therefore, after the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings.

*Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). In other words, when the deadline for amendment has passed, the moving party must first demonstrate good cause under Rule 16(b) before the court will consider whether an amendment is proper under Rule 15(a). *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998) (noting that "when a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused"); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir.

1992) (recognizing that party seeking to amend complaint after date specified in scheduling order must first show good cause for amendment under Rule 16(b); then if good cause is shown, the party must demonstrate that amendment is proper under Rule 15).

The "good cause" requirement of Rule 16(b) is unlike the more lenient standard of Rule 15(a) in that Rule 16(b) "does not focus on the bad faith of the movant, or the prejudice to the opposing party," but focuses on the diligence of the party seeking amendment. *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F.Supp. 959, 980 (D.S.C.1997). "Good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts. *Id*. (citing 6A Wright, Miller & Kane, Federal Practice and Procedure § 1522.1 at 231 (2d ed.1990)). However, "[g]ood cause is not shown when the amendment could have been timely made." *Interstate Narrow Fabrics, Inc. v. Century USA, Inc.*, 218 F.R.D. 455, 460 (M.D.N.C. 2003). If a party was not diligent, the good cause inquiry should end. *Mammoth Recreations, Inc.*, 975 F.2d at 609.

## BACKGROUND

PFI filed this action on August 16, 2010, nearly two years before it filed its present motion. Dkt. No. 1; *see also* Dkt. No. 155 (motion to amend filed June 8, 2012). The original complaint alleged "direct infringement" of two patents, only one of which remains in dispute (the "Cook Patent"). The complaint did not specify whether PFI intended to prove direct infringement of the Cook Patent under a theory of literal infringement or under the doctrine of equivalents.

An amended complaint filed on June 14, 2011, asserted essentially the same claim as to the Cook Patent. Dkt. No. 60. It was not until PFI filed the present motion on June 8, 2012, that it sought to specify a theory of infringement through the complaint.

Specification of PFI's infringement theory was, instead, provided in compliance with procedures the parties adopted by agreement. That agreement is embodied in the First Consent Amended Scheduling Order, which incorporates the Northern District of California Patent Local Rules ("N.D. Cal. Patent L.R."). Dkt. No. 33 (entered June 27, 2011). Consistent with those rules, the schedule set deadlines for the parties to make specified disclosures regarding their infringement contentions and defenses. Dkt. No. 33 ¶¶ 2(a)-(b). The disclosures required by paragraph 2(a) of the First Consent Amended Scheduling Order are critical to the present motion because they required PFI to disclose whether it intended to rely on a literal infringement theory, the doctrine of equivalents, or both. The deadline for those disclosures was April 15, 2011. This scheduling order also set deadlines for supplemental disclosures. Most critically here, it set a deadline of thirty days following claim construction for PFI to "amend and finalize" disclosures required by paragraph 2(a). Dkt. No. 33 ¶ 4(a).[1]

In addition, again pursuant to the N.D. Cal. Patent L.R., the First Consent Amended Scheduling Order established a detailed schedule for disclosures and briefing related to claim construction. Dkt. No. 33 ¶¶ 2(c)-(h). This schedule anticipated the matter being ripe for hearing on issues of claim construction by September 19, 2011.

The First Consent Amended Scheduling Order set a May 27, 2011, deadline for amending pleadings. Dkt. No. 33 ¶ 1. By consent motion filed and order entered on May 27, 2011, the

---

[1] The disclosures required by the N.D. Cal. Patent L.R. are not filed with the court. Normark has, however, filed some of PFI's supplemental disclosures as attachments to its opposition memorandum. PFI also asserts that Normark served supplemental disclosures in May 2012.

4

deadline for amending pleadings was extended to June 10, 2011, without modification of other deadlines. *See* Dkt. Nos. 42 (motion), 43 (order).

On June 9, 2011, the parties sought and the court granted an extension of the deadlines for exchange of claim term constructions and related disclosures, thus extending the deadlines in paragraphs 2(c)-(d) of the First Consent Amended Scheduling Order. Dkt. Nos. 52 (motion), 53 (order). The parties did not seek extension of the previously expired deadlines set by paragraphs 2(a) and (b) of the First Amended Scheduling Order. As noted above, paragraph 2(a) set the deadline for PFI to make initial disclosures as to whether it intended to prove infringement under a literal infringement theory, the doctrine of equivalents, or both.

The parties, likewise, did not seek extension of the deadline for amending pleadings, which was set to expire on June 10, 2011, the day after the motion to extend specified deadlines was filed. PFI did, in fact, file a consent motion to amend on June 10, 2011, which was granted. Dkt. Nos. 54, 59. The amended complaint subsequently filed did not modify the Cook Patent claim in any significant manner. Dkt. No. 60. Most critically, it did not specify whether PFI intended to prove its direct infringement claim through a literal infringement theory or through the doctrine of equivalents, or both.

A number of additional modifications to the claim construction briefing schedule were made between filing of the amended complaint and completion of briefing on September 28, 2011. These modifications, like earlier amendments, did not impact the deadlines set by paragraphs 2(a)-(b).

The court construed disputed terms in the Cook Patent by order entered October 26, 2011. Dkt. No. 83. One disputed term is of particular relevance to the present motion as it relates to the

meaning of "about" in the phrase "within the range from about 110° C to about 150° C." PFI had argued for a construction which would allow a significant variance at the upper end of the range. Normark, by contrast, argued for a very narrow construction, allowing only a one degree variance. The court rejected both constructions, concluding that "about" meant "approximately" and that the record provided did not support a more specific definition. Dkt. No. 83 at 6.

The court has granted two general extensions of the scheduling order since construing the disputed terms in the Cook Patent.[2] Dkt. No. 110 (Second Amended Scheduling Order entered December 20, 2011); Dkt. No. 118 (Third Amended Scheduling Order entered February 1, 2012). In their joint motion to amend the scheduling order filed on December 20, 2011, the parties noted that the deadlines set by paragraphs 1-3 of the First Consent Amended Scheduling Order had passed and did not require extension. Thus, the Second Amended Scheduling Order did not modify the already expired deadline for filing amended pleadings (set by Dkt. No. 33 ¶ 1) or for initial disclosures of claim and infringement contentions (set by Dkt. No. 33 ¶ 2(a)). It did, however, extend the deadline for PFI to *supplement* its claim and infringement contentions (as required under paragraph 2(a) of the First Amended Scheduling Order) to January 13, 2012. Dkt. No. 110 ¶ 2.

The Third Amended Scheduling Order noted that the deadline set by paragraph 2 of the Second Amended Scheduling Order (the deadline for PFI to amend its claim and infringement contentions) had "passed and need not be modified." By contrast, it extended Normark's deadline to amend and finalize its invalidity contentions to February 13, 2012. This scheduling order also

---

[2] As noted above, various individual deadlines in the First Consent Amended Scheduling Order were modified by docket text order before the Second Amended Scheduling Order was entered.

required both sides to serve their expert witness reports on April 23, 2012, and allowed the parties until May 21, 2012, to identify and serve reports of responsive experts. It also established a June 22, 2012, discovery deadline.

On April 20, 2012, the court extended limited deadlines including the expert witness disclosure deadlines to May 7, 2012 (primary experts) and June 6, 2012 (responsive experts). Dkt. Nos. 127 (motion), 128 (docket text order). The court did not, however, extend the ultimate discovery deadline.

On May 16, 2012, Normark filed a motion to amend its Answer and Counterclaims. Dkt. No. 138. The motion indicated that the purpose was to add specific factual allegations learned in discovery, and to remove allegations which had not been found to be supported. The motion certified that PFI had been consulted and did not oppose the motion. Dkt. No. 138 at 2. The motion was granted based on the absence of opposition. Dkt. No. 139.

The present motion to amend the complaint was filed on June 8, 2012. Dkt. No. 155. The motion and supporting memorandum (Dkt. No. 155-3) address the bases for certain of the proposed amendments including the addition of an express claim for willful infringement and elimination of an abandoned cause of action. There is no mention of PFI's splitting of the previously asserted direct infringement claim into two separate causes of action, one alleging literal infringement and the other alleging infringement under the doctrine of equivalents.[3]

---

[3] The First Amended Complaint set out a single, three-paragraph cause of action for "Direct Infringement of the [Cook] Patent." Dkt. No. 60 ¶¶ 13-15. The allegations in this cause of action do not reference either literal infringement or the doctrine of equivalents. The proposed second amended complaint sets out three separate causes of action for infringement of the Cook Patent: literal infringement; infringement under the doctrine of equivalents; and willful infringement.

Normark filed a memorandum opposing PFI's motion to the extent it sought to add claims for willful infringement and infringement under the doctrine of equivalents. Dkt. No. 175. The court allowed PFI to add the willful infringement claim over Normark's objection, leaving only the doctrine of equivalents for further briefing.[4] *See* Dkt. Nos. 182, 183. Normark argues that PFI should not be allowed to add a claim under the doctrine of equivalents because PFI failed to disclose its intent to proceed on this theory, either in its initial disclosures or in any supplement to those disclosures. Dkt. No. 177 at 5-6. Normark noted, *inter alia*, that N.D. Cal. Patent L.R. 3.1 required PFI to "specify whether infringement is literal or based on the doctrine of equivalents." *Id.* at 5 (quoting N.D. Cal. Patent L.R. 3-1 and related case law). It also cites case law which explains that this requirement "is designed to require the parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Id.* (citing *Network Caching Tech., LLC v. Novell, Inc.,* 2003 WL 21699799 at *4 (N.D. Cal., March 21, 2003).).

Normark argues that no new facts have been developed which would justify addition of this theory so late in the litigation. It also notes that PFI has had many opportunities to disclose reliance on the doctrine of equivalents if it believed such a theory to be supported. Dkt. No. 177 at 6. As Normark explains, discovery closed on June 22, 2012, fourteen days after PFI's motion to amend was filed and before Normark's response was due. Normark asserts that neither party addressed the doctrine of equivalents in their experts' reports and related discovery. *Id.* at 7. It also notes that, during the deposition of Normark's expert, "PFI asked . . . whether [Normark's expert] had been

---

[4] Normark objected to amendment to assert a willful infringement claim solely on the grounds of futility, not based on untimeliness. PFI, moreover, proffered recently discovered evidence which arguably supported a claim for willful infringement and was not merely duplicative of earlier evidence. *See infra* at 12.

asked to analyze infringement under the doctrine of equivalents, and [the expert] testified that he had not." *Id.* Normark argues that these collective circumstances demonstrate that it would be unduly prejudicial to allow PFI to amend at this late date.

Incorrectly believing that the reply deadline had already expired without a reply being filed, the court initially addressed PFI's motion by order entered July 12, 2012. Dkt. No. 182. Despite the absence of a reply, the court granted PFI's motion with respect to all proposed amendments other than the addition of the claim under the doctrine of equivalents. Dkt. Nos. 182. Noting that PFI had not addressed the addition of a claim under the doctrine of equivalents in its opening memorandum, and the absence of a reply, the court initially denied this aspect of PFI's motion. This ruling was, however, withdrawn as the deadline for filing a reply had not expired. Dkt. No. 183.

In its subsequently filed reply, PFI argues that information recently acquired during discovery justifies its amendments.[5] PFI relies, in particular, on recent depositions and document disclosures that reveal that, at certain times, Normark's supplier processed fishing line using a temperature clearly within the Cook Patent's specified temperature ranges (that is, below 150° C) while, at others, it used temperatures arguably falling outside of the literal limit. Thus, PFI argues that "evidence came to light unexpectedly that confirmed that Normark was infringing literally and, at a different time period, pursuant to the doctrine of equivalents." Dkt. No. 190 at 8. PFI also notes

---

[5] The factual section of the reply addresses both facts relevant to the willful infringement claim and the claim under the doctrine of equivalents. Only the latter is relevant here given that the court has already allowed PFI to add a willful infringement claim.

9

that Normark has made relatively recent amendments to its invalidity contentions (on May 22, 2012). *Id.* at 8 n.7.[6]

PFI concedes that it did not disclose that it was relying on the doctrine of equivalents in its disclosures under the N.D. Cal. Patent L.R. at any time prior to filing its motion to amend, even though it was required to do so. Dkt. No. 190 at 8 n.7.[7] It states that it did make these disclosures prior to filing its reply, but does not provide a date these disclosures were made. *Id.* PFI does not otherwise address the N.D. Cal. Patent L.R. requirements or purpose, thus leaving Normark's characterizations of these rules unchallenged.

Finally, PFI argues that there is no prejudice to Normark because there is no "new claim" and the delay in discovering supporting facts resulted from "Normark's delayed production of documents . . . combined with inconsistencies between the documents and Normark's narrative interrogatory responses." *Id.* at 10 (arguing "The method and timing of producing the information used by

---

[6] The invalidity contentions are served, not filed. The court is not, therefore, aware of their content or filing dates except to the extent filed as an attachment to a motion (and PFI has not provided any such documents). The court does, however, note that the Third Amended Scheduling Order extended Normark's deadline for amending and finalizing its invalidity contentions to February 13, 2012. Dkt. No. 118. Whether or not Normark made belated disclosures in May 2012, PFI has not lodged a timely objection to such disclosures.

[7] PFI refers to the N.D. Cal. Patent L.R. only once in either of its memoranda. This reference, found in PFI's reply, concedes "that the parties are bound by the Disclosure and Asserted Claims and Infringement Contentions as set forth in the Northern District of California Patent Local Rule 3-1, which required Pure Fishing to specify whether the infringement it alleges is literal or based on the doctrine of equivalents." Dkt. No. 189 at 7. PFI explains that "[a]s the existence of this local rule . . . implies, historically, plaintiffs in patent cases have not been required to specify whether their cause of action for direct infringement was based on literal infringement or infringement pursuant to the doctrine of equivalents." *Id.* n.6.

Normark prevented [PFI] from confirming and explaining the specific nature of Normark's infringement."

PFI does not directly counter Normark's claim of prejudice based on the absence of expert testimony. Instead, it refers to certain aspects of fact discovery, noting that the focus of Normark's discovery has been on its invalidity defense and that Normark itself is in control of evidence relating to the alleged infringement.

## DISCUSSION

**I.  Timeliness**

The parties, without prompting from the court, elected to proceed under the Northern District of California's Patent Local Rules (N.D. Cal. Patent L.R.). The adopted rules required PFI to disclose, *inter alia*, whether it was relying on the doctrine of equivalents. The deadline for initial disclosures expired on April 15, 2011. The deadline for supplementation, initially set for thirty days after the court issued its claim construction, was later extended to January 13, 2012.

PFI did not disclose an intent to rely on the doctrine of equivalents prior to expiration of the original or extended deadlines. To the extent PFI now seeks to add a distinct claim under the doctrine of equivalents, it is seeking to cure this failure to serve timely disclosures as required under agreed procedures. It is also seeking a belated amendment of the pleadings, the deadline for which expired on June 10, 2011, almost a year before the present motion was filed.

The court considers these two timeliness deficiencies together. As both of the underlying deadlines were set by scheduling order, PFI must show good cause for the delay before the court

considers whether PFI has made the necessary showing under Rule 15. *See, e.g., Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).

As with Normark's motion to amend its answer and the unopposed aspects of PFI's motion to amend the complaint, the court normally grants motions to amend pleadings, even when they are filed belatedly, where they are not opposed. The court also generally grants belated motions to amend where there is a showing of good cause for the delay (under both Fed. R. Civ. P. 15 and 16) or the amendment is not opposed based on untimeliness. To the extent PFI sought to add a claim for willful infringement, its motion was granted on both of these bases: (1) recent disclosures in discovery supported a finding of good cause for the delay in asserting willful infringement; and (2) Normark did not oppose the addition of this claim based on delay.[8]

The proposed amendment to add a claim for infringement under the doctrine of equivalents does not meet either criteria: it is opposed on grounds of unjustified delay, which delay Normark argues would cause undue prejudice. There is, moreover, no showing of good cause for the delay as explained below, whether the delay is evaluated under Rule 15 or 16.

From the outset of this litigation, Normark has taken the position that its products do not infringe the Cook Patent because they are manufactured using temperatures outside the range specified in the patent, even allowing for use of the term "about" in describing the temperature range. Normark's position and related arguments during the claim construction phase of the proceedings put PFI on notice that it might need to rely on the doctrine of equivalents. The court's construction

---

[8] Normark opposed this aspect of the motion mainly on grounds that the amendment would be futile. The court found this argument better reserved for summary judgment. Though not discussed in the docket text order, the court found some justification for the delay in this amendment due to recent discovery combined with the absence of opposition on the basis of delay.

12

of the term "about" to mean "approximately" and rejection of both side's proposed constructions, likewise, gave notice that PFI might need to rely on the doctrine of equivalents.[9] Critically, the court's construction was issued by order in October 2011.

Given the parties' agreement to follow the N.D. Cal. Patent L.R., this repeated notice obligated PFI to disclose its intent to rely on the doctrine of equivalents, whether through amended disclosures or amendment of the complaint. At the very latest, PFI should have known that it was likely to rely on the doctrine of equivalents on October 26, 2011, when the court issued its order construing the disputed terms in the Cook Patent. At that time, the schedule provided PFI thirty days after claim construction to serve supplemental disclosures under the N.D. Cal Patent L.R. A later consent motion resulted in extension of this deadline to January 13, 2012. PFI has offered no explanation as to why it would not have been aware of the potential need to proceed under the doctrine of equivalents on or before January 13, 2012.

As noted above, PFI concedes that it did not amend its N.D. Cal. Patent L. R. disclosures to reveal reliance on the doctrine of equivalents by this deadline. It did not even do so before filing its June 8, 2012 motion to amend the complaint which was filed days-short of a year after the deadline for amending pleadings and six months after the deadline for supplemental disclosures under the N.D. Cal. Patent L.R. Allowing amendment of the complaint under these circumstances would not

---

[9] As noted in the Opinion and Order construing the disputed terms, Normark asked the court to construe "about" to allow for a deviation of no more than one degree beyond the listed upper temperature of 150°. Dkt. No. 83 at 2. PFI, in contrast, argued alternatively that no construction was necessary or that the range should be construed to allow temperatures beyond 150° "that are within 10° C of the yarn's melting point." *Id.* at 2-3. In rejecting the latter construction, the court noted that PFI's "interpretation could encompass temperatures so far beyond 150° that they could not be considered within an 'approximate' range under even the most generous interpretation." *Id.* at 3.

only violate the scheduling order but would work an end-run around the procedures the parties adopted by agreement. At the least, this reinforces the need for a showing of good cause for the belated disclosures.

PFI has not, however, offered any reasonable explanation for its delay in disclosing that it intended to rely on the doctrine of equivalents. To the extent recent discovery discussed by PFI relates to a claim under the doctrine of equivalents, it is not significantly different from information previously available. What does appear to be new is evidence of *literal infringement*, but this is not the amendment at issue. In sum, the court finds no justification for the extreme delay in seeking the amendment (to the eve of the close of discovery). This delay is of particular concern where, as here, the parties agreed to specific procedures designed to flesh out the claims and theories of relief early in the proceedings, including a specific requirement to disclose whether PFI was relying on the doctrine of equivalents. The court does not, therefore, find good cause for the extreme delay in asserting a claim under the doctrine of equivalents. This conclusion is true under both the more stringent Rule 16 standard, which does not require a showing of prejudice, and the more liberal Rule 15 standard, which does. *See supra* at 1-3 (discussing standards).

## II. Prejudice

Normark has identified at least one specific area of prejudice, the absence of expert testimony directed to the doctrine of equivalents. PFI does not offer any contrary argument or evidence (for example, argument that expert testimony is neither necessary nor helpful). Instead, it notes that Normark has knowledge of the underlying *facts* and control over related evidence. Knowledge of facts and control over factual evidence would not, however, alleviate the need for or usefulness of expert testimony. Thus, PFI's arguments are not persuasive.

14

In light of Normark's effectively uncontroverted argument regarding expert testimony, the court concludes that it would be prejudicial to allow the amendment for several reasons. First, allowing the case to proceed without reopening at least expert discovery would be unfair to Normark because it would be denied the opportunity to obtain or offer expert testimony relevant to the doctrine of equivalents. Alternatively, allowing the amendment and reopening discovery would be prejudicial because it would delay resolution of this already-two-year-old case and add to the expense of the litigation.[10] Finally, allowing this much-belated amendment to circumvent the requirement to make disclosures under N.D. Cal. Patent L.R. would deny the parties the benefit of their bargain in agreeing to apply those rules.

### III.    Futility

For purposes of this order, the court assumes without deciding that adding a claim under the doctrine of equivalents would not be futile.

### CONCLUSION

PFI's extreme and unjustified delay in seeking to assert a claim under the doctrine of equivalents, coupled with the resulting prejudice to Normark due to the need either to proceed without expert testimony on the issue or to reopen expert discovery causing delay and undue expense, persuade the court that it should deny PFI's motion to the extent it seeks to add a claim under the doctrine of equivalents. This conclusion is further supported by the parties' agreement to abide by the N.D. Cal. Patent L.R. which required early disclosure of any intent to rely on the

---

[10] The current schedule for motions and other pretrial procedures will result in a trial-ready date in January 2013, assuming the court is able to resolve dispositive motions soon after they are fully briefed. Dkt. No. 194 (Fourth Amended Scheduling Order entered July 18, 2012). If discovery is reopened, even for limited purposes, the matter would likely be delayed by several months.

doctrine of equivalents. PFI is directed to file its amended complaint, including only those amendments allowed by Dkt. No. 182, within seven days of entry of this order.

      IT IS SO ORDERED.

                                                   s/ Cameron McGowan Currie
                                                   CAMERON MCGOWAN CURRIE
                                                   UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 26, 2012