# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | | |
|---|---|---|
| PURE FISHING, INC., an Iowa Corporation, | ) | C.A. No. 3:10-2140-CMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | DENYING |
| NORMARK CORPORATION, a Minnesota Corporation, d/b/a RAPALA, | ) | MOTION TO RECONSIDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on motion of Plaintiff, Pure Fishing, Inc. ("Pure Fishing"), to reconsider an order entered July 26, 2012. Dkt. No. 195 (order); Dkt. No. 208/215 (motion to reconsider).[1] The order at issue denied, in part, Pure Fishing's June 8, 2012 motion to amend the complaint (Dkt. No. 155). Specifically, it denied Pure Fishing's request to add a claim for infringement under the doctrine of equivalents. The motion to amend was granted in other respects. *See* Dkt. Nos. 182, 183. For the reasons set forth below, the motion to reconsider is denied.

## STANDARD

Pure Fishing is correct in arguing that the court has greater discretion when reconsidering an interlocutory order than it has when reconsidering a final order. *See* Dkt. No. 208/215 at 1-2 (Pure Fishing's opening memorandum); Dkt. No. 246/250 at 1-3 (Pure Fishing's reply in support of reconsideration ). Defendant Normark Corporation ("Normark") concedes as much. *See* Dkt. No. 230/232 at 1-4.

---

[1] Various documents referenced in this order were filed both in redacted (public) form and unredacted (sealed) form. These documents are referred to in this order by both the redacted and unredacted docket numbers. *E.g.,* Dkt. No. 208/215.

As explained in *St. Annes Development Co., Inc. v. Trabich*, 443 Fed. Appx. 829 (4th Cir. 2011)*,* a decision relied on by Pure Fishing, "[t]he power to reconsider or modify interlocutory rulings 'is committed to the discretion of the district court,' and that discretion is not cabined by the 'heightened standards for reconsideration' governing final orders." *Id.* at 832 (quoting *American Canoe Assoc. v. Murphy Farms, Inc.*, 326 F.3d 505, 514 15 (4th Cir. 2003)). Instead, reconsideration of interlocutory orders is "left within the plenary power of the Court that rendered them to afford such relief from them as justice requires[.]" *Id.* (quoting *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1473 (4th Cir. 1991) (quoting 7 Moore's Federal Practice ¶ 60.20)).

This does not, however, mean that the court must disregard the standards applicable to motions to reconsider final orders under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure when addressing a motion to reconsider an interlocutory order under Rule 54. Instead, the Fourth Circuit's reference to the district court's "plenary power" suggests that a district court may, as it deems fit, consider and apply any reasonable standard. This court finds the standard applicable to reconsideration of final orders useful, though non-binding, with respect to reconsideration of interlocutory orders and, consistent with its treatment of earlier motions to reconsider, applies that more liberal standard here.[2]

---

[2] This is the third motion to reconsider filed in this action, all such motions having been filed by Pure Fishing. *See* Dkt. No. 91 (motion to reconsider order precluding Pure Fishing from offering a belatedly identified expert witness); Dkt. No. 97 (motion to reconsider claim construction order); Dkt. No. 208/215 (current motion). In its first motion to reconsider, Pure Fishing noted the greater flexibility available to the court when reconsidering an interlocutory order. Dkt. No. 91 at 6-7. By contrast, in its second motion to reconsider, Pure Fishing argued for application of the Rule 59(e) standard. *See* Dkt. No. 97 at 4-5. This court applied a modified version of the Rule 59(e) standard in resolving both of these motions. *See* Dkt. No. 115 at 2-3 (applying the Rule 59(e) standard "with the added understanding that [the court] "has a greater degree of discretion to modify an interlocutory order than it has to modify a final order or judgment").

2

As to the present motion, the court is particularly concerned that the arguments advanced were either made and rejected previously, with no showing that the rejection was erroneous, or could have been but were not made in the earlier motion despite Pure Fishing having every reason to advance all of its arguments. The standards applicable to a Rule 59(e) motion would preclude reliance on such arguments.[3]

## DISCUSSION

### I. Renewed Arguments

To the extent Pure Fishing's motion to reconsider repeats arguments previously made, those arguments are rejected for the reasons stated in the challenged order. Nothing in Pure Fishing's reasserted arguments persuades the court that Pure Fishing's delay in seeking to assert a claim under the doctrine of equivalents was justified. Pure Fishing should have been aware of the potential need to advance its infringement claim under the doctrine of equivalents at least from the date of the final order on claim construction given that the court rejected Pure Fishing's proposed construction of the relevant term "about" in describing a temperature range.

### II. New Arguments

**Motion to Reconsider and Opening Memorandum.** Pure Fishing's motion to reconsider focuses primarily on an argument which was not referenced in its earlier memoranda: that the addition of a claim under the doctrine of equivalents is responsive to (and the delay justified by) Normark's recent assertion of an on-sale bar defense. Pure Fishing asserts that it did not learn of this

---

[3] *See generally Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (noting motions under Rule 59(e) "may not be used to relitigate old matters or to raise arguments or present evidence that could have been raised prior to the entry of judgment."); *St. Annes,* 443 Fed. Appx. at 832 (noting "[m]otions to alter or amend under Rule 59(e) may be granted if necessary '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'").

3

potential defense until April or May of 2012. Dkt. No. 208/215 at 3 ("Only in April/May 2012 did it become clear that Pure Fishing must consider the doctrine of equivalents.").[4] It supports this assertion by referring to deposition testimony of two experts (Pure Fishing's expert Egbert van Gorp and Normark's expert Sheldon Kavesh) and one fact witness (Bell Wang). Dkt. No. 208/215 at 4. It also notes that Normark first asserted the on-sale bar defense in its amended answer which was filed (by consent) on May 17, 2012. Dkt. No. 208/215 at 3, 5 (referring to amended answer at Dkt. No. 141); *see also id.* at 6 (noting Normark served discovery directed to the on-sale bar defense on April 23, 2012).

**Supplement.** Because this argument appeared entirely new, the court directed Pure Fishing to file a supplemental memorandum directing the court to any prior discussion of this basis for allowing the amendment. Dkt. No. 210. In its supplemental memorandum, Pure Fishing conceded that "it did not do the best job of putting together this evidence to show its significance to the Court[,]" but submitted that its arguments should be considered because they were based on information contained in the prior record. Dkt. No. 221/223 at 1. For reasons explained below, the court finds that Pure Fishing not only failed to do the "best job" of presenting its argument that Normark's addition of an on-sale bar defense justified the proposed addition of a claim under the doctrine of equivalents, but altogether failed to mention this argument.

Pure Fishing's supplemental memorandum directs the court to various arguments in or exhibits attached to *Normark's* memorandum in opposition to Pure Fishing's motion to amend as well as to some attachments to Pure Fishing's reply in support of its motion to amend. For purposes

---

[4] Pure Fishing notes, *inter alia*, that the potential of an on-sale bar defense was raised by defense counsel in a letter dated April 18, 2012, in a defense expert's May 7, 2012 report, and in Normark's May 22, 2012 amended disclosure of its invalidity contentions. Dkt. No. 246/250 at 6.

4

of this order, the court assumes, first, that the evidence now-cited supports Pure Fishing's present position that it did not fully appreciate the advisability of asserting a claim under the doctrine of equivalents until April or May of 2012, and, second, that this appreciation arose from the same evidence which supports Normark's recently-added on-sale bar defense. Nothing in Pure Fishing's earlier memoranda would, however, have alerted the court to Pure Fishing's intent to advance this argument.

For example, Pure Fishing failed to even mention its addition of a claim under the doctrine of equivalents in its opening memorandum in support of its earlier motion to amend. While Pure Fishing did mention Normark's recent amendment of its answer to assert new defenses, it did so in the context of making a generic argument that Pure Fishing should be allowed to amend (over objection) given that Normark had recently been allowed to amend (by consent). Dkt. No. 221/223 at 2, 6. Pure Fishing did not mention the on-sale bar defense specifically for any purpose. Thus, nothing in Pure Fishing's opening memorandum in support of its motion to amend even hinted at its present argument in support of reconsideration.

Pure Fishing's supplemental memorandum also refers to information contained in a set of interrogatory responses which it attached to its reply in support of amendment. *Id.* at 1. The reply to which this document is attached did not, however, refer to the particular interrogatory now cited for any purpose, much less for the purpose now cited. Pure Fishing, similarly, relies on the facts Normark (1) mentioned the on-sale bar defense in its memorandum in opposition to amendment, and (2) attached the expert reports on which Pure Fishing now relies. Other arguments and evidence that Pure Fishing cites from the pre-order filings are of a similar vein: information which might support

Pure Fishing's present argument, but which was not cited by Pure Fishing or referenced in either party's memoranda for any relevant proposition.[5]

**Reply in Support of Reconsideration.** In addition to filing its supplement, Pure Fishing filed a reply in support of reconsideration. This reply repeats Pure Fishing's position that it only recognized the "need to introduce the doctrine of equivalents" in or around April or May 2012 when "information surfaced regarding the inter-relationship of the process for making Fireline [another Pure Fishing product] and the '214 Patents." Dkt. No. 246/250 at 5. Pure Fishing does not offer any explanation for why this argument was not offered in its earlier memoranda in support of its motion to amend, despite being alerted to that very concern by the court's request for supplementation of the original memorandum in support of reconsideration.

**Discussion.** Pure Fishing's reference to what evidence was in the record prior to the court's ruling does not advance its position. Rather than suggesting that Pure Fishing actually made and the court missed an argument based on Normark's recent addition of an on-sale bar defense, the presence of this evidence confirms that Pure Fishing had all the evidence it needed to make its present argument but failed to do so.

At best, the court might have discerned from the prior record that Pure Fishing had an argument available which it was not advancing. Even this is doubtful as it would have required the

---

[5] As noted above, Pure Fishing did not mention the doctrine of equivalents in its opening memorandum in support of amendment of the complaint, even though the proposed amended complaint included such a claim. The only argument in support of this particular amendment was, therefore, set forth in Pure Fishing's reply. That memorandum focused primarily on "new" evidence which the court concluded primarily supported a literal infringement claim. It did not mention the on-sale bar defense, much less argue that its addition was the primary motivation for adding a claim under the doctrine of equivalents. Pure Fishing's failure to raise this argument, which now appears to be its primary argument in favor of amendment, in its earlier reply is particularly troubling given that the only issue which remained to be addressed in the reply was whether to allow amendment to add a claim under the doctrine of equivalents.

6

court to draw evidentiary inferences from portions of exhibits which were not actually cited. In any event, it is not the court's obligation to make arguments for the parties which they do not make for themselves.

In light of Pure Fishing's failure to raise its argument based on Normark's recent assertion of an on-sale bar defense at the relevant time, or offer any justification for failing to do so, the court finds that it should not be considered and denies the motion to reconsider on that basis. To do otherwise would discourage full argument of all grounds for a motion in the initial briefing (which, here, allowed for a reply), and would encourage practices that make litigation more expensive to the parties and waste judicial resources.

## CONCLUSION

For the reasons set forth above, the court denies Pure Fishing's motion to reconsider the earlier order denying Pure Fishing's motion to amend.

IT IS SO ORDERED.

          s/ Cameron McGowan Currie
          CAMERON MCGOWAN CURRIE
          UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 12, 2012