# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| PURE FISHING, INC., an Iowa Corporation, ) | C.A. No. 3:10-cv-2140-CMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | OPINION AND ORDER |
| ) | ON |
| NORMARK CORPORATION, a Minnesota ) | MOTION IN LIMINE |
| Corporation, d/b/a RAPALA, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on motion of Defendant, Normark Corporation ("Normark") to exclude testimony by Plaintiff's expert, John T. Goolkasian ("Goolkasian"), from trial of the inequitable conduct counterclaim. Plaintiff, Pure Fishing, Inc. ("Pure Fishing"), argues that Goolkasian should be permitted to testify regarding practices and procedures of the United States Patent and Trademark Office ("PTO"), including "as to what a 'reasonable examiner' would understand in the context of the prosecution of the patent application" at issue in the counterclaim. Dkt. No. 294 at 2. While Pure Fishing argues some of this evidence may be relevant to intent, it asserts that Goolkasian "will not offer an opinion as to the ultimate issue of the patentee's intent." *Id.*

For the reasons set forth below, the court grants the motion in limine to the extent Goolkasian's testimony might be offered with reference to the patentee's intent. While the court finds it doubtful that Goolkasian may offer testimony as to the materiality of statements relating to the Hogenboom patent, it reserves final ruling on that point until trial. If Goolkasian is offered, he shall be offered as Pure Fishing's last witness, which will allow the court to determine the relevance

and admissibility of Goolkasian's testimony in the context of all other evidence. As appropriate, the court may conduct voir dire and allow further argument before making a final decision.

## Relevance to Intent

The court has already determined that there was a material misstatement regarding inventorship and a material omission in the failure to disclose that 1995 Fireline Fused was on sale more than a year prior to the application for the patent now at issue (the "'214 Patent"). The issue for trial as to the misstatement and omission is whether they were made with an intent to mislead the patent office.

There is a third potential material misrepresentation which relates to the Hogenboom Patent ("Hogenboom"). As to this alleged misrepresentation, Normark must prove both materiality and intent to mislead.

Whether Goolkasian might offer testimony as to materiality of Hogenboom is discussed below. The court here considers whether Goolkasian's testimony would be relevant to intent as to any of the three alleged misrepresentations or omissions. In conducting this analysis, the court considers Goolkasian's testimony in the context of Pure Fishing's specific arguments as to the absence of intent to mislead.

**Inventorship.** As it relates to misrepresentation of Cook's inventorship, Pure Fishing's position is that Roger Cook ("Cook"), who was listed as the sole inventor on the patent application, did not intend to make a material misrepresentation because he was unaware of the legal standards which precluded him from claiming sole inventorship. Goolkasian's testimony as to PTO practices and procedures could hardly support Cook in this regard given Cook's claim of ignorance of such procedures.

2

Pure Fishing argues that Lance Johnson ("Johnson"), the attorney who made the patent application, cannot have intended to mislead the PTO regarding inventorship because he was unaware of any facts suggesting Cook was not the true inventor. No testimony by Goolkasian regarding PTO practices and procedures could make this factual position any more or less likely to be true.

**1995 Fireline Fused.** As it relates to the failure to disclose that 1995 Fireline Fused was on sale more than a year before the patent application was filed, Pure Fishing's position is similar: Cook, while aware of the facts (the prior sale of 1995 Fireline Fused), was unaware of the legal bar, and Johnson, while aware of the legal bar, was unaware of the relevant facts. Again, nothing Goolkasian might offer would be relevant to proving either position.

**Hogenboom.** The alleged material mistatements regarding Hogenboom were made in an effort to distinguish Hogenboom from the patent being sought. The representations included statements or argument that Hogenboom only related to rope and that there was no prior art which bridged the gap between Hogenboom's application to rope and a similar process applied to fishing line.

Pure Fishing's position is that these remarks were made by Johnson without review by Cook. Thus, Cook cannot have intended to mislead because he did not approve the remarks. While Johnson did craft the remarks, he claims he was not aware of any implicit misstatement, most critically the fact of the prior sale of 1995 Fireline Fused when he made the statement regarding failure of prior art to bridge the gap. Johnson will, presumably also claim not to have intended to mislead by his statement regarding Hogenboom's limitations, given that he was aware the patent examiner had a copy of Hogenboom and his belief that his statement constituted argument rather than a statement of fact.

Again, nothing in Goolkasian's report or Pure Fishing's argument suggests any testimony relevant to either point. For example, any testimony Goolkasian might offer as to whether Johnson would have expected the patent examiner to search published prior art is irrelevant because it is undisputed the examiner already had Hogenboom. Moreover, no search of published prior art would have found reference to the prior sale of 1995 Fireline Fused.

In sum, Pure Fishing has failed to suggest any testimony Goolkasian might offer relevant to intent, at least beyond discussion of the law. The latter may be offered by argument of counsel to the extent relevant. It is not properly offered through an expert witness.

### Relevance to Materiality

As noted above, the only remaining issue as to materiality involves statements made by Johnson for the purpose of distinguishing Hogenboom. Given Pure Fishing's concession that Goolkasian is "not one of ordinary skill in the art," Dkt. No. 294 at 9, it appears doubtful that he may testify as to the likely effect of these statements on issuance of the patent. *See Therasense, Inc. v. Becton, Dickinson & Co.*, 694 F.3d 1276 (Fed. Cir. 2011).[1]

---

[1] Normark submitted Goolkasian's pre-summary judgment report as an attachment to its motion in limine. This report suggests various opinions inconsistent with the court's prior summary judgment rulings, some of which are relevant to the issues remaining for trial. Thus, the opinions to be offered at the trial would, necessarily, need to be modified with respect to certain assumptions made regarding materiality.

Pure Fishing responded with a declaration indicating Goolkasian would testify regarding his experience as an examiner. This declaration notes that examiners are "typically not of ordinary skill in the art relevant to the applications they examine, are required to be familiar with the level of skill in the art and to examine applications *from the perspective* of one of ordinary skill in the art." Dkt. No. 294-1 (emphasis in original). Thus, Goolkasian states he is qualified to opine regarding what a "reasonable examiner would have considered and done in the course of examining the patent application." He further opines regarding what fields of search would have been and, in fact, were conducted.

In its trial brief, Pure Fishing also states that Goolkasian is "expected to testify regarding the materiality of statements or alleged omissions Johnson made in the office action response dated September 29, 1997." Dkt. No. 300 at 19. Pure Fishing continues: "Specifically, Goolkasian is

4

The court, nonetheless, declines to rule on this issue until all other evidence has been presented. In the event there is sufficient evidence of intent, an issue as to which Goolkasian's testimony is not relevant for reasons addressed above, the court will take up this issue prior to allowing Goolkasian to testify on the issue of materiality. As appropriate, the court may conduct voir dire of Goolkasian and allow further argument before deciding whether to allow Goolkasian to testify.

## CONCLUSION

For the reasons set forth above, the motion in limine is granted to the extent Goolkasian might offer testimony relevant to intent. The court reserves ruling on whether Goolkasian may offer testimony relevant to materiality of the Hogenboom statements.

IT IS SO ORDERED.

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 10, 2013

---

expected to testify that Johnson's comments and alleged omissions were not material to the examination of the '995 application." *Id.* This description of Goolkasian's testimony suggests nothing more than a legal conclusion, which would not be the proper subject of expert testimony.

5